IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 09-cv-01089-ZLW-MJW

HARWEST INDUSTRIAL MINERALS CORPORATION, a Colorado corporation;
HARRISON WESTERN CONSTRUCTION CORPORATION, a Colorado corporation;
HW PROCESS TECHNOLOGIES, INC., a Colorado corporation; and
ALLAN PROVOST, a Colorado resident,

    Plaintiffs,

v.

TWIN CITY FIRE INSURANCE COMPANY, an Indiana corporation; and
LEXINGTON INSURANCE COMPANY, a Delaware corporation,

    Defendants.

## ORDER

The matter before the Court is Defendant Lexington Insurance Company's Motion To Dismiss Or In The Alternative Stay Claims [sic] Against Lexington (Doc. No. 22) (Motion To Dismiss).[1]  The Court has determined that the matter can be determined on the parties' briefs without a hearing.

This action involves a dispute regarding insurance coverage.  Plaintiffs allege that Defendant Twin City Fire Insurance Company (Twin City) and Defendant Lexington Insurance Company (Lexington) breached their duties to Plaintiffs by refusing to provide insurance coverage for defense costs incurred by Plaintiff in three lawsuits.  Plaintiffs'

---

[1] While the motion title references "claims," in fact there is only one claim asserted against Lexington in this case.

Amended Complaint And Jury Demand asserts two claims for relief: one claim for breach of contract against both Twin City and Lexington, and one claim for bad faith breach of insurance contract against Twin City only.  Lexington now moves to dismiss and compel arbitration of the claim against it based on an arbitration provision in the Commercial General Liability insurance policy (Lexington Policy) issued to Plaintiffs by Lexington.

The arbitration provision in the Lexington Policy states, in pertinent part, that "in the event of a disagreement as to the interpretation of this policy . . . it is mutually agreed that such dispute shall be submitted to binding arbitration before a panel of three (3) Arbitrators . . . as the sole and exclusive remedy."[2]  "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration," and thus, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."[3]  Here, Plaintiffs' breach of contract claim against Lexington asserts that, under the terms of the Lexington Policy, Lexington had a duty to provide defense costs incurred by Plaintiffs in the underlying lawsuits, while Lexington contends that, under the terms of the Lexington Policy, it had no duty to defend some or all of the claims in those suits.  A determination of Plaintiffs' breach of contract claim against Lexington thus will require an interpretation of the Lexington Policy's terms.  Plaintiffs' claim falls squarely under the Lexington Policy's arbitration provision, and, thus, the claim must be resolved

---

[2] Motion To Dismiss Ex. B (Doc. No. 23-3) at 23 ¶ 16.

[3] Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985).

in arbitration.[4]  The Court will stay the claim against Lexington in this Court pending the completion of arbitration.[5]

The parties have not argued that Plaintiffs' claims against Twin City are subject to an arbitration provision.  Thus, at this juncture, it appears that the claims against Twin City must be litigated in this Court.  Because both Defendants issued policies to Plaintiffs, and there apparently is a dispute as to which policy is primary, it is conceivable that the disposition of the claim against Lexington in arbitration could produce a result inconsistent with a separate disposition of the claims against Twin City in this Court.  Nonetheless, the Federal Arbitration Act[6] *"requires* piecemeal resolution when necessary to give effect to an arbitration agreement."[7]  "Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement."[8]  Thus, the claim against Lexington must be arbitrated notwithstanding the presence of non-arbitrable claims against Twin City.

---

[4]The Court does not find that Lexington waived its right to compel arbitration.

[5]See Meyer v. Dans Un Jardin, S.A., 816 F.2d 533, 538-39 (10th Cir. 1987) ("Section 3 of the Federal Arbitration Act contemplates continuing supervision by the district court to ensure that arbitration proceedings are conducted within a reasonable period of time, thus preventing any impairment of the plaintiffs' rights to seek relief.").

[6]9 U.S.C. § 1 *et seq.*

[7]Moses H. Cone Mem. Hosp. v. Mercury Construction Corp., 460 U.S. 1, 20 (1983) (emphasis in original); see also Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985).

[8]Id.

The United States Supreme Court has advised that in some cases "it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court . . . as a matter of its discretion to control its docket."[9]  While Plaintiffs argue that the arbitrator's findings on the claim against Lexington will not be binding as to Twin City, even if this ultimately were determined to be the case, the arbitrator's decision nonetheless could "at the least inform or aid this court's consideration of"[10] the claims against Twin City, and considerations of judicial efficiency, avoidance of confusion, and possible inconsistent results seemingly weigh in favor of staying the claims against Twin City pending the resolution of the arbitration.[11]  The Court thus is inclined to stay the claims against Twin City pending the completion of arbitration of the Lexington claim.  However, no party has requested such a stay, and, in the absence of any briefing on the issue, the Court is unable to address whether such a stay could result in unfair prejudice to any party, and cannot weigh any such potential prejudice against interests of judicial efficiency and the potential for confusion or inconsistent outcomes.[12]  The Court will consider any

---

[9] Id. at 20 n.23.

[10] Cobra North America, LLC v. Cold Cut Systems Svenska AB, 639 F. Supp. 2d 1217, 1227 (D. Colo. 2008).

[11] See id.

[12] See Coors Brewing Co. v. Molson Breweries, 51 F.3d 1511 1518 (10th Cir. 1995); AgGrow Oils, LLC v. National Union Fire Ins. Co., 242 F.3d 777, 783 (8th Cir. 2001).

promptly-filed motion requesting a stay of the claims against Twin City pending completion of the arbitration of the claim against Lexington.

Accordingly, for the reasons set forth above, it is

ORDERED that Defendant Lexington Insurance Company's Motion To Dismiss Or In The Alternative Stay Claims [sic] Against Lexington (Doc. No. 22) is granted to the extent that it requests an order compelling arbitration of Plaintiffs' breach of contract claim against Lexington and a stay of that claim pending completion of the arbitration.  It is

FURTHER ORDERED that Plaintiffs' claim for breach of contract against Lexington is compelled to arbitration pursuant to the terms of the arbitration provision contained in the relevant Lexington Policy.  It is

FURTHER ORDERED that Plaintiffs' claim for breach of contract against Lexington is stayed pending the completion of the arbitration.  It is

FURTHER ORDERED that Plaintiffs' claims against Twin City shall proceed in this Court until further Order of the Court.  It is

FURTHER ORDERED that Plaintiffs and Lexington shall file a joint status report on or before June 1, 2010, advising the Court of the status of the arbitration.

DATED at Denver, Colorado this 18th day of February, 2010.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court