IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 09-cv-01089-ZLW-MJW

HARWEST INDUSTRIAL MINERALS CORPORATION, a Colorado corporation;
HARRISON WESTERN CONSTRUCTION CORPORATION, a Colorado corporation;
HW PROCESS TECHNOLOGIES, INC., a Colorado corporation; and
ALLAN PROVOST, a Colorado resident,

     Plaintiffs,

v.

TWIN CITY FIRE INSURANCE COMPANY, an Indiana corporation; and
LEXINGTON INSURANCE COMPANY, a Delaware corporation,

     Defendants.

_____

ORDER

_____

     The matter before the Court is Defendant Twin City Fire Insurance Company's

Motion To Stay (Doc. No. 48) (Motion To Stay).  The Court has determined that the

matter can be determined on the parties' briefs without a hearing.

     This action involves a dispute regarding insurance coverage.  Plaintiffs allege

that Defendant Twin City Fire Insurance Company (Twin City) and Defendant Lexington

Insurance Company (Lexington) breached their duties to Plaintiffs by refusing to provide

insurance coverage for defense costs incurred by Plaintiffs in three lawsuits.  Plaintiffs'

Amended Complaint And Jury Demand asserts two claims for relief: one claim for

breach of contract against both Twin City and Lexington, and one claim for bad faith

breach of insurance contract against Twin City only.  On February 18, 2010, the Court

granted Lexington's Motion To Dismiss Or In The Alternative Stay Claims [sic][1] Against Lexington to the extent that the motion requested an order compelling arbitration of Plaintiffs' breach of contract claim against Lexington and a stay of that claim pending completion of the arbitration.  The Court noted in its February 18, 2010, Order that "considerations of judicial efficiency, avoidance of confusion, and possible inconsistent results seemingly weigh in favor of staying the claims against Twin City pending the resolution of the arbitration,"[2] but did not stay the claims against Twin City at that time because no party had specifically requested such a stay.  Twin City now has moved for such a stay.

The United States Supreme Court has advised that in some cases "it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration.  That decision is one left to the district court . . . as a matter of its discretion to control its docket."[3]  The district court "may prefer to stay the balance of the case in hope that the arbitration might help resolve, or at least shed some light on, the issues remaining in federal court."[4]  Although the United States Court of Appeals for the Tenth Circuit appears not to have articulated a specific test for determining whether non-arbitrable claims should be stayed pending the arbitration of arbitrable claims, courts have looked to factors including (1) the avoidance of confusion and possible

---

[1]Plaintiffs actually have asserted only one claim asserted against Lexington.

[2]February 18, 2010, Order (Doc. No. 47) at 4.

[3]Moses H. Cone Mem. Hops. v. Mercury Construction Corp., 460 U.S. 1, 20 n.23 (1983).

[4]Volkswagen of Am., Inc. v. Sud's of Peoria, Inc., 474 F.3d 966, 972 (7th Cir. 2007).

inconsistent results,[5] (2) considerations of judicial economy,[6] (3) the extent to which the parties will be bound by the arbitrator's decision,[7] and (4) the prejudice that may result from delays.[8]

As to the first factor, it appears, although the Court does not conclusively determine herein, that the arbitrator's findings on the claim against Lexington would not be binding as to Twin City. While a stay of the Twin City claims pending the arbitrator's decision thus will not eliminate the potential for confusion or inconsistent results, it nonetheless may reduce it, since the arbitrator's decision could "at the least inform or aid this court's consideration of"[9] the closely-related claims against Twin City. This factor weighs in favor of a stay.

As to the second factor, judicial economy would be served by a stay of the Twin City claims. As discussed above, while the arbitrator's decision may not be binding as to the Twin City claims, it could help to focus the issues and assist this Court's consideration of those claims, resulting in more efficient litigation in this Court. For the

_____

[5]See Cobra North America, LLC v. Cold Cut Systems Svenska AB, 639 F. Supp. 2d 1217, 1227 (D. Colo. 2008) (citing Am. Home Assurance Co. v. Vecco Concrete Constr. Co., 629 F.2d 961, 964 (4th Cir. 1980) and Volkswagen of Am., 474 F.3d at 972).

[6]See id. (citing Am. Home Assurance, 629 F.2d at 964).

[7]See id. (citing Volkswagen of Am., 474 F.3d at 972).

[8]See id. (citing Volkswagen of Am., 474 F.3d at 972). The Court is not convinced that String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 (D. Colo. March 30, 2006), cited by the parties, is directly relevant here since String Cheese Incident addressed a stay of discovery under Fed. R. Civ. P. 26, not a stay of claims pending arbitration. Nonetheless, there is some overlap between the String Cheese factors and the factors set forth above, and the Court finds that the parties' briefing has sufficiently addressed the relevant issues on this motion.

[9]Cobra North America, 639 F. Supp. 2d at 1227.

same reason, the third factor, the extent to which the parties will be bound by the arbitrator's decision, does not necessarily weigh against a stay in this case. As to the fourth factor, although Plaintiffs emphasize that discovery on the Twin City claims is almost complete, while discovery on the Lexington claim has not yet commenced, the Court does not perceive an automatic resulting prejudice to Plaintiffs if the Twin City claims are stayed. The discovery obtained on the Twin City claims can be used in the Twin City litigation whether those claims are litigated now or are stayed pending the Lexington arbitration. On balance, the Court concludes that a stay of the claims against Twin City pending the arbitration of the claim against Lexington is appropriate in this action.

Accordingly, for the reasons set forth above, it is

ORDERED that Defendant Twin City Fire Insurance Company's Motion To Stay (Doc. No. 48) is granted. It is

FURTHER ORDERED that Plaintiffs' claims against Defendant Twin City Fire Insurance Company are stayed pending the completion of the arbitration of Plaintiffs' claim against Defendant Lexington Insurance Company.

DATED at Denver, Colorado this 28th day of April, 2010.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court